8/31/2022 1:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67847332
By: Monica Jackson
Filed: 8/31/2022 1:32 PM

Cause No. _____

| | | |
|---|---|---|
| David Pacheco | § | In the District Court |
| | § | |
| vs. | § | |
| | § | Harris County, Texas |
| | § | |
| Dairy Farms of America | § | ___th Judicial District |

**Plaintiff's Original Petition and Request for Jury Trial**

Plaintiff complains of Oak Farms Dairy and for causes of action would show as follows:

**1.   Discovery Level**

1.1   Plaintiff intends to conduct discovery in this matter under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Per Texas Rule of Civil Procedure 47(c)(5), and Plaintiff seeks an amount exceeding $1,000,000.00.

**2.   Parties**

2.1   David Pacheco is a resident of Harris County, Texas.

2.2   Dairy Farmers of America is a foreign nonprofit corporation and can be served through its registered agent, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

**3.   Venue and Jurisdiction**

3.1   Venue is proper and maintainable in Harris County, Texas, since the incident occurred in Harris County, Texas. The Court has jurisdiction in this matter since Plaintiff's damages are within its jurisdictional limits.

**EXHIBIT A-2**

3.2     This case is non-removable because Plaintiff's claims set forth in this Petition do not involve a federal question as required under 28 USC 1331, there is no diversity among parties required under 28 USC 1332, or any other basis for federal jurisdiction over Plaintiff's claims.

**4. Facts, Legal Claims and Damages**

4.1     On January 20, 2022, Mr. Pacheco was working for Oak Farms Dairy, which is owned by Dairy Farmers of America. Mr. Pacheco worked in the cold storage department. He was required to move pallets of milk from the warehouse onto 18-wheelers to be delivered.

4.2     Mr. Pacheco was in the process of moving a large pallet of milk onto a trailer when his pallet jack crashed into an elevated steel floor in the middle of the trailer. The force of the collision spun the pallet into Mr. Pacheco forcing his left arm up before knocking him down. Mr. Pacheco was taken to the hospital *via* ambulance. He has since had surgery and is scheduled to have two more to repair his shoulder. Mr. Pacheco also has permanent nerve damage because of this incident.

4.3     Defendant owed certain duties to Plaintiff and was negligent in one or more of the following particulars, each of which act and/or omission, individually or collectively, constitutes negligence which proximately caused the incident made the basis of this lawsuit, and the resulting injuries and damages to Plaintiff:

1. Failing to properly screen employees;
2. Failing to properly train employees;
3. Failing to properly supervise employees;

4. Failing to provide a safe workplace;
5. Failing to provide adequate lighting;
6. Failing to provide adequate equipment; and
7. Failing to properly screen 3rd parties present on the property.

4.4   The negligence Defendant a proximate cause of the incident and Plaintiff's resulting damages.

4.5   Defendant was grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiff's injuries. Defendant's malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment of Defendants and their callous disregard for the safety of individuals such as Plaintiff.  Plaintiff therefore asks for punitive and exemplary damages in addition to actual damages.

## 5. Pre- and Post-Judgment Interest

5.1   Plaintiff would additionally say and show that he is entitled to recovery of pre- and post-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for recovery of pre- and post-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

## 6. Jury Demand

6.1   Plaintiff hereby requests a trial by jury.

## 7. Conclusion and Prayer

7.1   Plaintiff requests that Defendant be cited to appear and answer, and that on final trial Plaintiff have: (1)  judgment against Defendant, for actual, compensatory and

exemplary damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; (4) attorney's fees; and (5) such other and further relief, general and special, to which Plaintiff may show themselves justly entitled at law and in equity.

Respectfully submitted,

**VB Attorneys**

*/s/ Vuk S. Vujasinovic*
**Vuk S. Vujasinovic**
SBN: 00794800
**Job Tennant**
SBN: 24106501
6363 Woodway, Suite 400
Houston, Texas 77056
713.224.7800
713.224.7801 Fax
**Attorneys for Plaintiff**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Roberta Taherivand on behalf of Vuk vujasinovic
Bar No. 794800
Roberta@vbattorneys.com
Envelope ID: 67847332
Status as of 8/31/2022 1:48 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Job Tennant | | Job@vbattorneys.com | 8/31/2022 1:32:12 PM | SENT |
| Vuk S. Vujasinovic | | vuk@vbattorneys.com | 8/31/2022 1:32:12 PM | SENT |
| Roberta Taherivand | | roberta@vbattorneys.com | 8/31/2022 1:32:12 PM | SENT |